Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000040
25-SEP-2015
08:38 AM

NO. CAAP-15-0000040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICHARD STAR, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 14-1-0017 (CR. NO. 94-1549))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)

Petitioner-Appellant, Richard Star (**Star**) appeals from a December 15, 2014 "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Illegal Sentence Through Writ of Habeas Corpus Pursuant to [Hawai'i Rules of Penal Procedure (**HRPP**)] Rule 40" entered in the Circuit Court of the First Circuit[1] (**circuit court**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Star's appeal is without merit.

On March 6, 1997, after holding a minimum term hearing, the Hawaii Paroling Authority (**HPA**) issued a Notice and Order of

---

[1] The Honorable Dexter D. Del Rosario presided.

Fixing Minimum Term(s) of Imprisonment setting Star's minimum term of imprisonment at 50 years, but did not set forth the level of punishment or the significant factors in determining the level of punishment.

Star requested a new minimum sentence hearing after the 2007 decision of Coulter v. State, 116 Hawai'i 181, 172 P.3d 493 (2007), which required the HPA to follow its own guidelines and list the level of punishment as well as the specific factors relied upon by the HPA in fixing the level of punishment. On March 27, 2014, a new minimum sentence hearing was held. The HPA reduced Star's minimum sentence to 40 years in a new Notice and Order Fixing minimum Term(s) of Imprisonment (**2014 HPA Order**). The 2014 HPA Order determined that level III punishment was appropriate and listed four major criteria as significant factors: (1) Nature of Offense, (2) Character and Attitude of Offender with Respect to Criminal Activity or Lifestyle, (3) Efforts Made to live Pro-Social Life Prior to Commitment to Prison, and (4) Involvement of Offender in Instant Offense.

On April 30, 2014, HPA received a letter from Star objecting to the criteria cited by the 2014 HPA Order and requesting a new minimum sentence hearing. On June 17, 2014, Star filed the petition at issue in this case requesting HPA grant him a new minimum sentence hearing. On June 19, 2014, HPA agreed to grant Star another hearing.

Since HPA granted Star's request for a new minimum sentence hearing on June 19, 2014, just two days after Star filed

his petition requesting the same, Star's claims for relief became moot.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Denying Petition to Vacate, Set Aside, or Correct Illegal Sentence Through Writ of Habeas Corpus Pursuant to HRPP Rule 40," entered December 15, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 25, 2015.

On the briefs:

Richard Star
Petitioner-Appellant pro se.

Diane K. Taira
Renee R. Sonobe Hong
Deputy Attorneys General
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3